This is an interlocutory appeal from an order denying a motion to suppress that included a request for a hearing under Franks v. Delaware, 438 U.S. 154 (1978) (Franks ). Leave for this appeal was allowed by a single justice of the Supreme Judicial Court.
In this appeal, the defendant argues only that he was entitled to a hearing under Franks, and does not argue, as he did in the lower court, that the warrant that issued in this case was unsupported by probable cause. The Commonwealth argues that the defendant's sole contention regarding the Franks hearing is an impermissible basis for an interlocutory appeal. However, the refusal to allow a Franks hearing was raised in the defendant's petition before the single justice who allowed this appeal. This, therefore, is not the correct forum in which to raise that complaint and, in light of the order of the single justice, we turn to the merits of the appeal.
In order to obtain a hearing under Franks, there must be a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause." Id. at 155-156. See Commonwealth v. Bennett, 39 Mass. App. Ct. 531, 534 (1995) (misleading statements that satisfy these conditions give defendants the right to a Franks hearing).
The defendant argues in essence that witnesses' statements included in the warrant affidavit concerning whether the defendant walked down a particular driveway of the building at 1863 River Street (across the street from his address) were ambiguous. But the defendant raises no argument that the statements were not actually made by the two witnesses nor that the statements were reported inaccurately in the affidavit. The defendant's argument that the police should have informed the court that, perhaps, the first witness was referring to a paved footpath to the left of 1863 River Street or to the driveway of an adjacent house, does not amount to a showing that the affidavit was written in a way that was knowingly or recklessly misleading. Rather, the affidavit summarizes the officer's knowledge, including the statements of the two witnesses. The second witness, in particular, simply said that the defendant had gone down the driveway of 1863 River Street. An officer, as described in the affidavit, then walked down the driveway of 1863 River Street where the officer discovered a droplet of blood, corroborating the suggestion that the heavily bleeding defendant had recently been there. The defendant does not argue that the police were not entitled to walk down the driveway. The police then further observed two bags that contained what they believed to be marijuana, one on the pavement of the driveway and the other on a snowbank on the side of the driveway.
The affidavit referred to these bags as a "clear heat sealed plastic bag" and a "Ziploc plastic bag," but the defendant argues that neither of the two bags found by police were "Ziploc brand plastic bags." The defendant argues that the distinction between identifying the bags as "Ziploc brand bags" or referring to any "zip-top clear plastic bag" as a "Ziploc" regardless of the manufacturer is crucial given that "Ziploc plastic bags" and a "Vacuum Sealer" for Ziploc bags (or perhaps zip-top bags) were found in the defendant's apartment. Even if the two zip-top bags found by the officer were of a different brand than the Ziploc bags found in the defendant's apartment, simply calling them ziploc bags generically makes only minimal difference to their relevance on all the facts and circumstances, and is not sufficient evidence of intentional or reckless misstatement.
Finally, the defendant asserts that the photograph he obtained from the district attorney's office does not show a marking of "1/2" on the bag found on the pavement of the driveway as described by the affidavit. The defendant does not argue that that bag did not or could not have had such a marking on it and, consequently, we do not think that this equates to the substantial preliminary showing of an intentional or reckless falsehood required for a hearing under Franks. And, as described at the outset, the defendant does not allege that there was no probable cause for the warrant to issue.
Order denying motion to suppress affirmed.